**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| COVIDIEN SALES LLC, COVIDIEN LP, f/k/a TYCO HEALTHCARE GROUP, LP and UNITED STATES SURGICAL CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ETHICON ENDO-SURGERY, INC., <br><br> Defendant. | ) ) ) ) ) ) Civil Action No. _____ ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs Covidien LP f/k/a Tyco Healthcare Group, LP and United States Surgical Corporation (collectively "Covidien") and Covidien Sales LLC ("Covidien Sales") for their Complaint against defendant Ethicon Endo-Surgery, Inc. ("Ethicon") allege as follows:

### NATURE OF THE ACTION

1. This is an action against Ethicon seeking, among other things, preliminary and permanent injunctive relief and monetary damages for Ethicon's willful infringement of Covidien's patents by making, using, offering to sell, and selling the most recent iteration of its Harmonic ACE product line—the Harmonic ACE+7 Shears with Advanced Hemostasis (the "ACE+7").

2. This Court has already determined that certain claims of Covidien's U.S. Patent Nos. 6,063,050 ("the '050 patent"), 6,468,286 ("the '286 patent"), and 6,682,544 ("the '544 patent") (collectively, "the Asserted Patents") are valid and infringed by Ethicon's Harmonic ACE products, as well as other Ethicon ultrasonic devices. *See* Memorandum of Decision, *Tyco*

1

*Healthcare Group LP, et. al. v. Ethicon Endo-Surgery, Inc.*, Civ. No. 3:10-cv-60 (JBA) (D. Conn. Mar. 28, 2013), D.I. 229 (the "Memorandum of Decision").

3.  In spite of this Court's Memorandum of Decision, Ethicon announced the commercial launch of the ACE+7 on or around May 19, 2014, without making any material design changes to avoid infringing Covidien's Asserted Patents.  Like Ethicon's other infringing Harmonic ACE products, the ACE+7 continues to practice Covidien's proprietary technologies claimed in the Asserted Patents, including but not limited to the "curved blade" and "dual cam" inventions.

4.  Throughout the last half decade, Ethicon has demonstrated a pattern of infringement by continuing to incorporate Covidien's patented innovations into each new ultrasonic product it introduces under the Harmonic ACE brand.  Since as early as this Court's October 9, 2007, summary judgment ruling, Ethicon has been on notice that its Harmonic ACE products practice the Asserted Patents' claims, including the products' "curved blade" feature.  *See* Ruling on Motions for Summary Judgment, *Tyco Healthcare Group LP, et. al. v. Ethicon Endo-Surgery, Inc.*, Civ. No. 3:04-cv-1702(JBA) (D. Conn. Oct. 9, 2007), D.I. 203 (the "Summary Judgment Ruling").  Yet, to this day, Ethicon continues to market and introduce "next generation" Harmonic ACE products that contain the very same infringing features.  The accused ACE+7 is the most recent example.  There is simply no end in sight to Ethicon's persistent infringement of the Asserted Patents, which is causing, and will continue to cause, Covidien irreparable injury.

## THE PARTIES

5.  Plaintiff Covidien Sales LLC is a limited liability company organized and existing under the laws of the State of Massachusetts, having its headquarters and principal place of

business at 15 Hampshire Street, Mansfield, MA 02048. Plaintiff Covidien Sales LLC also maintains an office at 555 Long Wharf Drive, New Haven CT 06511.

6. Plaintiff Covidien LP is a limited partnership organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at 15 Hampshire Street, Mansfield, MA 02048. Plaintiff Covidien LP also maintains an office at 555 Long Wharf Drive, New Haven CT 06511. Plaintiff Covidien LP was previously known as Tyco Healthcare Group LP ("Tyco"). On September 28, 2012, Tyco, a plaintiff in the previous action before this court, filed a certificate with the State of Delaware changing its name to Covidien LP.

7. Plaintiff United States Surgical Corporation ("USSC") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 555 Long Wharf Drive, New Haven CT 06511. In 1998, USSC was acquired by Tyco.

8. Upon information and belief, defendant Ethicon Endo-Surgery, Inc. is a corporation organized under the laws of the State of Ohio, having its principal place of business at 4545 Creek Rd., Cincinnati, OH 45242.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Ethicon because, upon information and belief, Ethicon is doing business in this judicial district.

12. Venue is proper under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b) because, upon information and belief, Ethicon is doing business in this judicial district and is using, offering for

sale, and/or selling within this judicial district the products accused of infringing Covidien's patents in this action.

## BACKGROUND

### A. THE PATENTS-IN-SUIT

13. On May 16, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '050 patent, entitled "Ultrasonic Dissection and Coagulation System." A true copy of the '050 patent is attached as Exhibit A.  Plaintiff Covidien LP is  a co-owner of the '050 patent, by virtue of a name change conveyance from Tyco executed on September 28, 2012, and recorded with the USPTO on October 2, 2012.  Misonix, Inc. ("Misonix") is the other co-owner of the '050 patent.  Covidien is the exclusive licensee to Misonix's interest in the '050 patent, including the right to sue and recover damages for past, present, and future infringement.

14. On October 22, 2002, the USPTO duly and legally issued the '286 patent, entitled "Ultrasonic Curved Blade."  A true copy of the '286 patent is attached as Exhibit B.  Plaintiff Covidien LP is the owner of the '286 patent, by virtue of a name change conveyance from Tyco executed on September 28, 2012, and recorded with the USPTO on October 2, 2012.

15. On January 27, 2004, the USPTO duly and legally issued the '544 patent, entitled "Ultrasonic Curved Blade."  A true copy of the '544 patent is attached as Exhibit C.  Plaintiff Covidien LP is the owner of the '544 patent, by virtue of a name change conveyance from Tyco executed on September 28, 2012, and recorded with the USPTO on October 2, 2012.

16. By agreement with Plaintiff Covidien LP, Plaintiff Covidien Sales LLC has the exclusive right to sell products in the United States that practice the '050, '286, and '544 patents.

### B. THE PREVIOUS TYCO LITIGATION

17. On October 8, 2004, Tyco d/b/a United States Surgical filed a complaint of patent infringement in this judicial district against Ethicon.  In that action, Tyco alleged infringement of

the Asserted Patents (hereinafter the "Tyco Litigation").  *See* Complaint, *Tyco Healthcare Group LP d/b/a United States Surgical, a division of Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc.*, Civ. No. 3:04-cv-01702-JBA (D. Conn. Oct. 8, 2004), D.I. 1.

18. The named plaintiffs in the Tyco Litigation will be collectively referred to as "Covidien."

19. The claim construction of the terms of the Asserted Patents was addressed extensively and conclusively by this Court in the Tyco Litigation.  On September 1, 2005, following substantial briefing on the issues, this Court held a *Markman* hearing regarding disputed claim terms of the Asserted Patents and subsequently issued a 36-page claim construction ruling.  On June 26, 2006, this Court held another hearing regarding certain claim construction issues raised in Tyco's motion for reconsideration and subsequently issued a 12-page ruling, granting Tyco's motion as to the claim terms at issue.

20. The Court in the Tyco Litigation also considered various briefs for summary judgment filed by the parties, held a summary judgment hearing on August 2, 2007, and subsequently issued its 66-page Summary Judgment Ruling.

21. In its Summary Judgment Ruling, this Court found that all the Ethicon products accused of infringement in the Tyco Litigation infringed the asserted '050 and '286 patents.  Specifically, the Court found that all of Ethicon's accused Harmonic Scalpel and Harmonic ACE products, including product numbers LCSC5L, LCSC5HA, LCSC1HA, LCSC5, LCSC1, CS14C, CS141, CS23C, CS231, ACE23P, ACE36P, ACE14S, ACE23S, and ACE36S, infringed claims 1, 5, and 9 of the '050 patent and claims 1, 6, 7, and 15 of the '286 patent.

22.     Following its Summary Judgment Ruling, the Court conducted a partial bench trial in the Tyco Litigation in December 2007.  Due to an issue concerning standing, the Court dismissed the action on January 9, 2008.

23.     Once the ownership issues were resolved in Covidien's favor following proceedings at the Federal Circuit, the Tyco Litigation resumed after Covidien reasserted infringement of the Asserted Patents on January 14, 2010, in a separate complaint.  *See* Complaint, *Tyco Healthcare Group LP and United States Surgical Corporation v. Ethicon Endo-Surgery, Inc.*, Civ. No. 3:10-cv-00060-JBA (D. Conn. Jan. 14, 2010), D.I. 1.

24.     In the interval between the January 9, 2008 dismissal and the January, 14 2010, complaint, Ethicon introduced to the market additional ultrasonic products in its Harmonic ACE line, specifically, product numbers ACE23E, ACE36E, and ACE45E.

25.     On February 28, 2011, the Court so-ordered a Stipulation between the parties in the Tyco Litigation, whereby Ethicon stipulated that for the purposes of infringement, Ethicon's ACE23E, ACE36E, and ACE45E products are materially the same as Ethicon's Harmonic ACE products that the Court already found to infringe the '050 and '286 patents in its Summary Judgment Ruling.

26.     In July and August 2012, the Court held a bench trial in the Tyco Litigation on the issues of infringement of the remaining asserted claims and validity of all asserted claims of the Asserted Patents.

27.     Following trial in the Tyco Litigation, the Court issued its Memorandum of Decision.  In the Memorandum of Decision, the Court held that Covidien proved infringement of the remaining asserted claims not previously resolved in the Court's Summary Judgment Ruling. With respect to all of the accused Harmonic ACE products, the Court determined that these

products also infringed claims 10-12 of the '050 patent, claims 8-14 of the '286 patent, and claims 1-3, 6, 8-13, 16, 18, and 23-25 of the '544 patent.  Ethicon successfully challenged the validity of a subset of these claims under 35 U.S.C. § 102(g)..

28.     The net result of the Summary Judgment Ruling and Memorandum of Decision in the Tyco Litigation left the following claims of the Asserted Patents valid and infringed by Ethicon's Harmonic ACE products: claims 11 and 12 of the '050 patent; claim 15 of the '286 patent; and claims 3, 6 and 8 of the '544 patent, which recite an ultrasonic instrument including a dual cam mechanism for clamping ('050 patent, claims 11 and 12; '544 patent, claim 3) and a curved blade ('286 patent, claim 15; '544 patent, claims 6 and 8).

29.     The Court entered judgment in the Tyco Litigation on March 28, 2013, awarding Covidien reasonable royalty damages of $176,500,800.00.  The Court has not yet been asked to update the damages award to the time of judgment or to address the amount of on-going royalties due to Covidien for infringement that continued past the date of the judgment.

30.     Ethicon filed an appeal of the Court's Memorandum of Decision on April 5, 2014.  Ethicon does not appeal the findings of infringement of any of the asserted patent claims or any of the Court's claim construction rulings.  The appeal remains pending before the Federal Circuit.

31.     Upon information and belief, Ethicon continues to sell all Harmonic ACE and other products found to infringe the Asserted Patents in the Tyco Litigation.

       **C.     ETHICON'S ANNOUNCED LAUNCH OF THE ACE+7**

32.     On or around May 19, 2014, Ethicon publicly announced its launch of the ACE+7 at The American Society of Colon and Rectal Surgeons (ASCRS) Annual Scientific Meeting in Hollywood, Florida.

33. According to Ethicon, the ACE+7 is an ultrasonic surgical device for cutting and sealing blood vessels and is cleared by the Food and Drug Administration for sealing vessels up to 7 mm in diameter.

34. Ethicon's website describes the ACE+7 device as having a "curved blade uniquely designed for precise dissection, sealing and transection." (*See* http://www.ethicon.com/healthcare-professionals/products/advanced-energy/harmonic/harmonic-ace-plus-seven#!description-and-specs.)

35. Ethicon's promotional materials compare the ACE+7's large vessel-sealing performance directly to Covidien's LigaSure 5 mm Blunt Tip and LigaSure Advance devices.

36. Upon information and belief, the ACE+7 has the same basic features as the Harmonic ACE devices which were found to infringe the Asserted Patents in the Tyco Litigation, including the "curved blade" and "dual cam" features.

## CLAIMS OF INFRINGEMENT

37. Plaintiffs reassert and reallege the foregoing Paragraphs 1-36, as if fully set forth herein.

38. On information and belief, Ethicon makes, uses, offers for sale, and/or sells in the State of Connecticut and/or elsewhere in the United States, and/or imports into the State of Connecticut and/or elsewhere in the United States, ultrasonic cutting and coagulating surgical devices known as ACE+7.

39. Ethicon's ACE+7 product falls within the scope of the claims of Covidien's Asserted Patents.

40. Ethicon's acts in making, using, offering to sell, and/or selling, within the State of Connecticut and/or elsewhere in the United States, and/or importing into the State of Connecticut and/or elsewhere in the United States, the ACE+7 product infringe, induce infringement, and/or

8

contribute to the infringement of the claims of the '050 patent under 35 U.S.C. § 271 without authority to do so.

41. Ethicon's acts in making, using, offering to sell, and/or selling, within the State of Connecticut and/or elsewhere in the United States, and/or importing into the State of Connecticut and/or elsewhere in the United States, the ACE+7 product infringe, induce infringement, and/or contribute to the infringement of the claims of the '286 patent under 35 U.S.C. § 271 without authority to do so.

42. Ethicon's acts in making, using, offering to sell, and/or selling, within the State of Connecticut and/or elsewhere in the United States, and/or importing into the State of Connecticut and/or elsewhere in the United States, the ACE+7 product infringe, induce infringement, and/or contribute to the infringement of the claims of the '544 patent under 35 U.S.C. § 271 without authority to do so.

43. Plaintiffs have suffered, and will suffer, irreparable injury unless Ethicon is enjoined from infringing, inducing infringement of, and/or contributing to the infringement of the '050, '286, and '544 patents.

44. Plaintiffs have no adequate remedy at law.

45. Plaintiffs have suffered, and will suffer, damages as a result of Ethicon's infringement, inducing infringement, and/or contributory infringement of the '050, '286, and '544 patents.

## **WILLFULNESS**

46. Plaintiffs reassert and reallege the foregoing Paragraphs 1-45, as if fully set forth herein.

47. Ethicon has had constructive and actual knowledge of the Asserted Patents at all times during its infringing activities, which are ongoing.

48. Ethicon has been given constructive knowledge of the Asserted Patents through patent number markings on Covidien's AutoSonix and Sonicision ultrasonic surgical products.

49. Ethicon has been given actual notice of its infringement of the Asserted Patents through the Tyco Litigation, including but not limited to the Court's Summary Judgment Ruling and Memorandum of Decision.

50. Despite this knowledge, Ethicon acted objectively recklessly in choosing to infringe the Asserted Patents by making, using, offering to sell, and/or selling the ACE+7 product.

51. Ethicon willfully infringed Covidien's '050, '286, and '544 patents. Ethicon was aware of the '050, '286, and '544 patents and the fact that certain features of the ACE+7 were already found to infringe these patents in the Tyco litigation. Nevertheless, Ethicon persisted in infringing, inducing infringement of, and/or contributing to the infringement of these patents. Ethicon's acts of infringement, inducing infringement, and/or contributing to the infringement of the '050, '286, and '544 patents alleged above therefore are, and have been, willful, knowing, and deliberate.

52. Plaintiffs have suffered, and will suffer, irreparable injury unless Ethicon is enjoined from willfully infringing, willfully inducing infringement of, and/or willfully contributing to the infringement of the '050, '286, and '544 patents.

53. Plaintiffs have no adequate remedy at law.

54. Plaintiffs have suffered, and will suffer, damages as a result of Ethicon's willful infringement, willful inducement of infringement, and/or willful contributory infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

    a.    issue a judgment that Ethicon's making, using, offering to sell, and/or selling, within the State of Connecticut and/or elsewhere in the United States, and/or importing into the State of Connecticut and/or elsewhere in the United States, the ACE+7 product infringes, induces infringement of, and/or contributes to the infringement of the '050, '286, and '544 patents;

    b.    issue a judgment preliminarily enjoining Ethicon's infringement, inducement of infringement, and/or contributory infringement of the '050, '286, and '544 patents;

    c.    issue a judgment permanently enjoining Ethicon's infringement, inducement of infringement, and/or contributory infringement of the '050, '286, and '544 patents;

    d.    issue a judgment awarding Plaintiffs all damages to which they are entitled;

    e.    declare that Ethicon's infringement is willful and treble the judgment;

    f.    declare that this case is an "exceptional case" and award Plaintiffs reasonable attorney fees pursuant to 35 U.S.C. § 285;

    g.    award Plaintiffs their costs and expenses in this action; and

    h.    grant such further and other relief as this Court deems just and proper.

THE PLAINTIFFS

By /s/ David N. Rosen
David N. Rosen
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
(203) 789-1605 Fax
drosen@davidrosenlaw.com
CT00196

Counsel for Plaintiffs
*Covidien Sales LLC, Covidien LP, and United States Surgical Corporation*

Of Counsel:

Drew M. Wintringham, III
Francis W. Ryan, IV
Melissa A. Reinckens
Matthew N. Ganas
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY  10020
Tel.  (212) 335-4500
Fax.  (212) 335-4501
e-mail:  drew.wintringham@dlapiper.com
e-mail:  frank.ryan@dlapiper.com
email:   melissa.reinckens@dlapiper.com
e-mail:  matt.ganas@dlapiper.com

Erica J. Pascal
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
e-mail:  erica.pascal@dlapiper.com

Dated:  June 23, 2014