UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COVIDIEN SALES LLC and | : | |
| COVIDIEN LP, f/k/a TYCO | : | |
| HEALTHCARE GROUP LP and | : | CIVIL ACTION NO. |
| UNITED STATES SURGICAL CORP., | : | 3:14-cv-917 (JCH) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | REDACTED |
| | : | |
| ETHICON ENDO-SURGERY, INC., | : | OCTOBER 22, 2014 |
|     Defendant. | : | |

**RULING [REDACTED] RE: PRELIMINARY INJUNCTION CONDITIONS**

**I.   INTRODUCTION**

Having granted the Motion for Preliminary Injunction (Doc. No. 45) filed by Covidien Sales LLC and Covidien LP (collectively "Covidien"), see Ruling Re: Motion for Preliminary Injunction (Doc. No. 97), the court must now determine an appropriate bond amount and whether a stay or "sunset" period is warranted.  For the reasons that follow, Covidien is ordered to post a bond of five million dollars ($5,000,000) through December 31, 2014, and the injunction will go into effect immediately after the bond is posted.

**II.   DISCUSSION**

    A.   Bond Amount

Rule 65(c) of the Federal Rules of Civil Procedure states:  "The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  District courts have wide discretion to set a bond amount.  See Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 136 (2d Cir.

1

1997).  The law of the district court's regional circuit determines the amount of the bond. Int'l Game Tech. v. WMS Gaming, Inc., 1999 WL 717801, at *1 n.1 (Fed. Cir. 1999); see also Sanofi-Synthelabo v. Apotex Inc., 488 F. Supp. 2d 317, 349 (S.D.N.Y. 2006) ("[T]his Court has found no authority from the Federal Circuit governing the parameters for the amount of bond . . . ."), aff'd, 470 F.3d 1368 (Fed. Cir. 2006).  When setting the bond amount, relevant considerations include "potential lost profits, lost market share and associated costs of relaunch."  Sanofi-Synthelabo, 470 F.3d at 1385.  "The party against whom a preliminary injunction is sought has the burden of establishing the amount of a bond necessary to secure against the wrongful issuance of the injunction."  Elite Licensing, Inc. v. Thomas Plastics, Inc., 250 F. Supp. 2d 372, 391 (S.D.N.Y. 2003) (citing Doctor's Associates, Inc. v. Stuart, 85 F.3d 975, 985 (2d Cir. 1996)).

Covidien proposes a bond amount of three million dollars through December 31, 2014.  Ethicon Endo-Surgery, Inc. ("Ethicon") proposes that the court require Covidien to cover all costs suffered by Ethicon.  Alternatively, Ethicon proposes a bond amount of $300 million.

Ethicon states that, by the end of 2014, the injunction will result in its loss of at least XXX million dollars in incremental profits from U.S. sales, at least XXX million dollars in incremental profits on international sales of the ACE+7 that were to be manufactured, in part, in the U.S., and $XXX in costs associated with relaunching the product.  See Lessek Preliminary Injunction Terms Decl. ¶¶ 12, 19, 25.  It also alleges harm to its reputation, goodwill, and customer relationships.[1]  Id. 20–23.  Using these

---

[1] Ethicon does not suggest a dollar figure of this harm, and it provides no evidence from which

numbers, the court concludes that a bond of five million dollars through December 31, 2014, is reasonable based on the record before the court. If the Federal Circuit has not ruled claim 15 of the '286 patent invalid in the Tyco litigation by that time, the court will revisit the bond amount at the end of the year.[2]

### B.  Timing of the Injunction

Ethicon argues that the court should stay the preliminary injunction until the Federal Circuit rules on its appeal or, alternatively, until the Federal Circuit can rule on a stay. It also argues that the court should allow for a 45-day sunset period in order to minimize disruption in its business while it implements the injunction. Covidien urges the court to issue the injunction immediately upon its posting of the bond.

The court declines to delay the injunction any further.[3] Ethicon's arguments in support of its request for a sunset period are unconvincing. First, Ethicon seems to express concern at the difficulty of existing ACE+7 users having to replace their devices. See Lessek Preliminary Injunction Terms Decl. ¶¶ 5–6. The court's injunction does not enjoin customers who already own the ACE+7 from using it. Second, Ethicon states that it takes "approximately XXX weeks to manufacture, package and sterilize an ACE+ device," which it suggests physicians will consider as an alternative to the

---

the court could reasonably estimate such a figure.

[2] As to Ethicon's request for an indefinite undertaking, the court is skeptical that Rule 65(c) contemplates an indefinite bond amount. This would undercut one of the central rationales for Rule 65's bond requirement: to provide the plaintiff with notice of its maximum liability. Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 557 (2d Cir. 2011) ("[T]he bond provides the plaintiff with notice of the maximum extent of its potential liability.").
  Ethicon cites two cases in which a district court has required a party to post an undertaking instead of a bond with a set amount. These cases are not from this district, and they contain no analysis of the issue. See Johnson & Johnson v. Am. Home Products Corp., CIV. A. 94-1388, 1996 WL 39445, at *1 (E.D. Pa. Feb. 1, 1996); S.C. Johnson & Son, Inc. v. Clorox Co., 930 F. Supp. 753, 786 (E.D.N.Y. 1996). This court is unpersuaded by Ethicon's argument in this regard.

[3] The court granted the preliminary injunction on October 15, 2014.

3

ACE+7.  Id. ¶ 8.  However, Ethicon also acknowledges that it "has an existing inventory of the ACE+ in stock" and that it "expects to be able to avoid going into back order."  Id. ¶ 9.  Third, as Ethicon candidly recognizes, the ACE+ is a "candidate for doctors to use as an alternative" to the ACE+7.  Id. ¶ 7.  While the ACE+7 may have advantages over other devices, hospitals are not without alternatives.  Indeed, the ACE+7 is a relatively new product, and hospitals that were considering ordering the device can instead use the products they were using just months earlier.  See Ruling Re: Motion for Preliminary Injunction 26.  Further, Ethicon cites no cases in which a district court delayed the enforcement of a preliminary injunction.  While circumstances might exist to justify such delay, this court does not find those here.  Finally, to the extent that Ethicon presents any valid concerns, it has had several days since the court issued its Ruling Re: Motion for Preliminary Injunction to begin addressing them.

Ethicon also seeks a more indefinite stay of the preliminary injunction (after which it would presumably seek an additional delay), pending either the Federal Circuit's decision on a stay application or its decision of Ethicon's appeal of the preliminary injunction.  The court declines to grant a stay.  The court is mindful of the factors in involved in a decision to grant a stay pending appeal.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The court has already outlined the merits of Covidien's case and the harms that Covidien suffers as a result of the ACE+7's curved blade.  See Ruling Re: Motion for Preliminary Injunction 16–21.  Further, the equities of the case weigh against granting an indefinite stay for the benefit of a party who released a product that posed a substantial risk of infringement while one of its central non-infringement arguments remained undecided on appeal.

4

The validity issue is, without doubt, an important one that bears heavily on the rights' of the parties.  However, unlike the Federal Circuit, this court is unwilling and unable to conduct what would essentially be an appellate review of a final judgment of a district court.  This was reflected in the court's analysis of the validity of claim 15 of the '286 patent, and in the court's decision to deny a stay pending Ethicon's appeal from the Tyco litigation.  See Ruling Re: Motion for Preliminary Injunction 5–6, 27–28.  A district court is ill-equipped to assess the merits of a party's arguments on appeal from the final judgment of another district court.  If there are substantial questions as to the validity of claim 15 of the '286 patent, the Federal Circuit will limit the harm to Ethicon by staying or, ultimately, vacating the injunction.

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Covidien's Proposed Bond Amount for the Preliminary Injunction (Doc. No. 98).  The court DENIES Ethicon's Motion on the Appropriate Terms of the Preliminary Injunction (Doc. No. 102), and it DENIES Ethicon's Motion to Stay the Preliminary Injunction Pending Appeal (Doc. No. 103).

The court will enter a separate Order setting forth the terms of the preliminary injunction.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 22nd day of October, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

5